UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DURIS L. HOLMES AND                                                           06-9197
MARKELL A. CURRAULT-HOLMES

VERSUS                                                                        CIVIL ACTION

STATE FARM FIRE AND CASUALTY                                                  SECTION: "C"
COMPANY

## ORDER

The Court previously ordered briefing on whether the jurisdiction amount existed at the time of removal (Rec. Doc. 6). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional

minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In response to the Court's order (Rec. Doc. 6), State Farm Fire Casualty Company ("State Farm") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 7). To illustrate the amount in controversy, State Farm pointed to the plaintiffs' policy limits, which exceed $75,000. State Farm also asserted that the plaintiffs' request for attorneys' fees and penalties catapults their claim over the jurisdictional minimum.

However, it is not facially apparent, nor have facts been set forth at this time to show that the jurisdictional minimum was met at the time of removal. The relevant inquiry concerns damage to the home, not the value of the policy. Also, State Farm presented a demand letter in which the plaintiffs' request about $52,000 to settle their

claims.  Furthermore, State Farm must do more than point to the possibility of attorneys fees.

Thus, based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 28th day of December, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE